CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 02, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **GILFORD LEE,** | ) |
| | ) |
| Plaintiff, | ) Case No. 7:25CV00085 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **S. CHATT, et al.,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendants. | ) |

*Gilford Lee, Pro Se Plaintiff; Timothy E. Davis, Assistant Attorney General,* OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, *Richmond, Virginia, for Defendants S. Chatt and Chadwick S. Dotson.*

The plaintiff proceeding pro se, filed this action under 42 U.S.C. § 1983, raising claims related to the use of force against him by a correctional officer. The plaintiff seeks monetary damages and injunctive relief. Now before me is defendant Dotson's Motion to Dismiss. Upon my review, I conclude that the claims against Dotson must be dismissed.

I. BACKGROUND.

Before being transferred to another facility, Plaintiff Lee was housed at Wallens Ridge State Prison in Big Stone Gap, Virginia. Compl. 1, Dkt. No. 1; Notice of Change of Address, Dkt. No. 6. While at Wallens Ridge, Lee claims that Defendant Chatt used excessive force against him, in violation of his constitutional

rights. Compl. 2, Dkt. No. 1. Specifically, Lee asserts that when he was requesting use of a phone, he placed his hand in the tray slot of his cell door to block Chatt from closing it. *Id.* at 6. Chatt then "slammed" the tray slot closed "with aggression and force," injuring Lee's left wrist. *Id.* Lee claims that this incident was in violation of his Eighth Amendment rights and seeks monetary relief as well as a facility transfer. *Id.* at 8–9. Notably, other than naming Dotson as a party, Dotson is not otherwise mentioned in the Complaint. *Id.* at 1.

Dotson filed the Motion to Dismiss, to which Lee submitted a response. Dotson's Mot. Dismiss, Dkt. No. 15; Mem. Supp., Dkt. No. 16; Pl.'s Rebuttal Resp., Dkt. No. 19. In his response, Lee reiterates his original claims but adds that Dotson "failed to properly train his subordinates." *Id*. at 3. The matter having been fully briefed, it is now ripe for review.

II. Discussion.

A. The Standard of Review.

"A Rule 12(b)(6) motion to dismiss tests only the sufficiency of a complaint." *Mays ex rel. Estate of Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021) (internal quotation marks and citation omitted). In considering a Rule 12(b)(6) motion, "[t]he district court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). A complaint must plead facts sufficient to "state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]ourts are obligated to liberally construe pro se complaints, however inartfully pleaded." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017) (internal quotation marks and citations omitted). Liberal construction, however, does not allow me to formulate constitutional or state law claims for Lee based on conclusory statements alone. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B. Constitutional Claims.

Lee presents his claims under § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To state a claim under § 1983, a plaintiff must plead facts supporting a reasonable inference that each defendant had "personal involvement" in the alleged constitutional violation. *Iqbal*, 556 U.S. at 670. Furthermore, "vicarious liability is inapplicable to . . . § 1983 suits," therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676.

To hold a supervisory official liable for misconduct by a subordinate employee, the plaintiff must state facts showing that: (1) the defendant had actual or constructive knowledge that the subordinates' misconduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff," (2) the defendant's "response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) an "affirmative causal link" existed between the defendant's inaction and the plaintiff's constitutional injury. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (internal quotation marks and citation omitted). Moreover, a court cannot hold a supervisory official liable for failing to prevent constitutional violations by others if that official had no notice of a risk that such types of violations would occur. *Cadmus v. Williamson*, No. 5:15-CV-00045, 2016 WL 929279, at *26 (W.D. Va. Feb. 1, 2016), *R. & R. adopted*, No. 5:15-CV-045, 2016 WL 1047087 (W.D. Va. Mar. 10, 2016).

Here, Dotson cannot be held vicariously liable for the alleged actions of a subordinate correctional officer without an allegation of Dotson's personal involvement, which Lee has not pled. Lee has not set forth any facts that would suggest that Dotson would have had any knowledge that Chatt's alleged misconduct would pose any risk of injury to Lee. There were no facts alleged regarding any prior instances that would have placed Dotson on notice of such risk. From a reading

of the facts as pled, it appears that the incident at issue was a one-time occurrence. Dotson cannot be held liable for failing to prevent harm when he had no foreknowledge of the risk that harm would occur. Because Lee fails to present facts stating the necessary elements of any § 1983 claim against Dotson related to the incident, I will grant Dotson's Motion to Dismiss as to all such claims.

C. State Law Claims.

Raised for the first time in response to the Motion to Dismiss, Lee baldly asserts that Dotson failed to properly train his subordinates. I must first emphasize that Lee "may not spackle new allegations" onto his original Complaint without seeking leave to do so and proposing an amended pleading. *Dobson v. Clarke*, No. 3:22CV132, 2024 WL 1468339, at *6 (E.D. Va. Apr. 4, 2024). However, even if the Complaint could have been construed to contain a state claim for negligent supervision, Lee has failed to allege sufficient facts to support a plausible claim against Dotson.

Alleged violations of state law are not independently actionable under § 1983, but a federal court may exercise supplemental jurisdiction over state law claims that are related to federal claims in the same lawsuit. 28 U.S.C. § 1367(c). In any event, Virginia does not recognize a state law claim of negligent supervision. *A.H. ex rel. C.H. v. Church of God in Christ, Inc.*, 831 S.E.2d 460, 475 (Va. 2019). Thus, I will

grant Dotson's Motion to Dismiss any attempted claim that Dotson negligently supervised the correctional officer who allegedly violated Lee's rights.

### D.  Relief Sought.

Since filing the Complaint, Lee has been transferred to a different facility, rendering moot the injunctive relief requested.  *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there.").  Therefore, only Lee's request for monetary damages will be considered as a form of relief for the claims moving forward against the remaining defendant.

### III.  CONCLUSION.

For the foregoing reasons, it is hereby **ORDERED** that defendant Dotson's Motion to Dismiss is GRANTED, and that defendant shall be terminated from the case.  It is further **ORDERED** that within 28 days from entry of this Order, the remaining defendant must file any motion for summary judgment, supported by affidavits, or this matter will be set for trial on the plaintiff's claims.

ENTER:  March 2, 2026

/s/  JAMES P. JONES
Senior United States District Judge